IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

AUSTIN AIR SYSTEMS, LIMITED,

    Plaintiff,

v.

GENESIS CAPITAL LLC, d/b/a AUSTIN PURE AIR

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

For its Complaint against Defendant Genesis Capital LLC, d/b/a Austin Pure Air ("Genesis" or "Defendant"), Plaintiff Austin Air Systems, Limited ("Austin Air" or "Plaintiff") states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq. and the common law.

## PARTIES

2. Plaintiff Austin Air Systems, Limited ("Austin Air" or "Plaintiff") is a Limited Corporation of the State of New York having a principal place of business at 500 Elk Street, Buffalo, New York 14210.

3. Defendant Genesis Capital, LLC, d/b/a Austin Pure Air ("Genesis" or "Defendant") is a Limited Liability Company of the State of Colorado having a principal place of business at 8261 Fort Smith Road, Peyton, Colorado 80831.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Austin Air's federal trademark infringement and unfair competition claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), as this case presents federal questions arising under the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are joined with substantial and related claims under the Lanham Act, and are so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

5. The exercise of personal jurisdiction over Defendant comports with Colorado law and with the constitutional requirements of due process because Defendant is domiciled in this District and because the conduct complained of herein occurred in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## FACTUAL BACKGROUND

### PLAINTIFF'S BUSINESS AND RIGHTS TO THE AUSTIN AND AUSTIN AIR MARKS

7. Plaintiff Austin Air has manufactured and sold high quality air purifiers for 30 years. Plaintiff's air purifiers have undergone testing by government and private institutions, and are clinically proven to reduce airborne particulates. Austin Air enjoys a widespread reputation as a result of the popularity and usefulness of its products.

8. Plaintiff Austin Air is the owner of United States Trademark Registration No. 5,245,823 for the trademark AUSTIN®, which was duly and lawfully issued by the United

States Patent and Trademark Office on July 18, 2017 ("the '823 registration"). A true and correct copy of the '823 Registration is attached hereto as **Exhibit A**. The '823 registration remains in fully good standing and effect. Plaintiff has continuously used the AUSTIN® mark in interstate commerce since at least as early as January 31, 2006.

9. Plaintiff Austin Air is the owner of United States Trademark Registration No. 4,897,616 for the trademark AUSTIN AIR®, which was duly and lawfully issued by the United States Patent and Trademark Office on February 9, 2016 ("the '616 registration"). A true and correct copy of the '616 Registration is attached hereto as **Exhibit B**. The '616 registration remains in fully good standing and effect. Plaintiff has continuously used the AUSTIN AIR® mark in interstate commerce since at least as early as December 31, 1991.

10. Plaintiff Austin Air has for many years sold and currently sells goods under the AUSTIN® and AUSTIN AIR® marks throughout the United States.

11. Plaintiff has expended significant sums of money, time, and effort over the course of many years in promoting and popularizing Plaintiff's goods associated with the AUSTIN® and AUSTIN AIR® trademarks.  As a result of Plaintiff's promotional activities, Plaintiff's products, packaging, and trademarks have all become widely known, and associated with Plaintiff. Plaintiff's products, packaging, trademarks, and their associated goodwill, are all valuable assets of Plaintiff.

## DEFENDANT'S INFRINGING AND UNFAIR ACTIVITIES

12. Defendant Genesis d/b/a Austin Pure Air is the North American Distributor of Genano® Technology Air Purifiers.

13. Defendant uses AUSTIN PUREAIR, AUSTIN PURE AIR, and  in the advertisement, marketing, distribution, sale, and offer for sale of goods, including air purifiers and related systems, in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the goods with Plaintiff. Such goods include, but are not limited to, the GENANO 120 (G120), GENANO 200 (G200), GENANO 310 (G310), GENANO 520 (G520), GENANO 1000 (G1000), GENANO 4500 (G4500), and GENANO Tube® XS Med.

14. Defendant has infringed and continues to infringe Plaintiff's '823 and '616 registrations, and has engaged and continues to engage in unfair competition in the United States, including this Judicial District.

15. On or about March 6, 2020, Plaintiff Austin Air became aware of Defendant's operations in the field of air purifiers, and David W. Staple, Attorney for Plaintiff, sent a letter to Walter Austin, Chief Operating Officer of Defendant Austin Pure Air.  The letter highlighted Plaintiff's '823 and '616 registrations, Plaintiff's concerns that Defendant's use of the term "Austin" would "lead customers to mistakenly believe that [Defendant's] products are made by [Plaintiff] or otherwise associated with my [Plaintiff's] products," and requesting that Defendant "promptly discontinue all commercial use of the term 'Austin' in connection [their] business, website, air purifiers, or similar goods." Plaintiff did not receive any response from Walter Austin or any representative of Austin Pure Air.

16. On or about June 29, 2020, Plaintiff determined that Defendant had continued or resumed use of the term "Austin" on its website, promoting the sale of Genano® Technology Air Purifiers. Attorney for Plaintiff sent a second letter to Walter Austin on June 30, 2020 regarding Defendant's continued infringement.  The letter reiterated Plaintiff's continuous and longstanding use of the term "Austin" and "respectfully insist[ed] that [Defendant] promptly discontinue commercial use of the term 'Austin.'" On June 30, 2020, attorney for Plaintiff received an email communication from Walter Austin stating "GO JUMP." Defendant has refused to otherwise comply with Plaintiff's requests.

17. Defendant has had actual knowledge of Plaintiff's AUSTIN and AUSTIN AIR registrations since at least March 6, 2020.  Defendant's continued infringement of the AUSTIN and AUSTIN AIR Marks is deliberate and willful.

18. Defendant has refused to acknowledge Plaintiff's rights in the AUSTIN and AUSTIN AIR Marks, cease its infringing activities or unfair competition, or otherwise compensate Plaintiff for damages caused by its actions.  Accordingly, Defendant's unauthorized use of the AUSTIN and AUSTIN AIR Marks on its website has caused and continues to cause Plaintiff irreparable harm.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement, 15 U.S.C. § 1114

19. Plaintiff Austin Air incorporates each of the preceding paragraphs as if fully set forth herein.

20. Defendant's unauthorized use of, for example, AUSTIN PUREAIR, AUSTIN PURE AIR, and  on goods related to those provided by Plaintiff Austin Air, including air purifiers, is likely to cause confusion, or to cause mistake or to deceive Defendant's customers, potential consumers, and/or the public as to the source or sponsorship of Defendant's goods. Defendant's conduct creates a likelihood of confusion by creating a false impression that Plaintiff Austin Air is the source of or somehow sponsors Defendant's goods.

21. Upon information and belief, Defendant was on both actual and constructive notice of Plaintiff's exclusive rights in the registered AUSTIN and AUSTIN AIR marks at least as early as March 6, 2020, prior to Defendant's own continued infringing use.

22. Defendant has no right, license or authority from Plaintiff Austin Air to use the AUSTIN and AUSTIN AIR marks, or any other mark confusingly similar thereto.

23. Defendant's acts constitute infringement of Plaintiff Austin Air's federally-registered '823 and '616 trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

24. Upon information and belief, Defendant does not own any federal or state trademark registrations for any mark that includes, in whole or in part, the AUSTIN or AUSTIN AIR marks and cannot assert any rights that are prior to Plaintiff.

25. Upon information and belief, Defendant is intentionally using Plaintiff's trademarks to trade off of Plaintiff's reputation and goodwill and to create deception in the

marketplace. Defendant's trademark infringement has been willful and deliberate, with full knowledge of the Plaintiff's '823 and '616 registrations, and Plaintiff's rights therein.

26. As a direct and proximate result of Defendant's trademark infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial.

27. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

28. Defendant's conduct as alleged herein constitutes an exceptional case under 15 U.S.C. § 1117, entitling Plaintiff to its attorneys' fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition, 15 U.S.C. § 1125(a)

29. Plaintiff Austin Air incorporates each of the preceding paragraphs as if fully set forth herein.

30. Defendant's unauthorized use of, for example, AUSTIN PUREAIR, AUSTIN PURE AIR, and  on goods, including air purifiers, constitutes a false designation of origin and a false representation with respect to the origin of Defendant's goods. Defendant's use of Plaintiff's trademarks is likely to cause confusion, mistake, or deception as to the source of Defendant's goods and is likely to create the false impression that Defendant (d/b/a Austin Pure Air) is affiliated with Plaintiff Austin Air or that Defendant's goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff Austin Air.

7

31.     Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Upon information and belief, Defendant does not own any federal or state trademark registrations for any mark that includes, in whole or in part, the AUSTIN or AUSTIN AIR marks and cannot assert any rights that are prior to Plaintiff.

33.     Upon information and belief, Defendant is intentionally using Plaintiff's trademarks to trade off of Plaintiff's reputation and goodwill and to create deception in the marketplace. Defendant's trademark infringement has been willful and deliberate, with full knowledge of the Plaintiff's '823 and '616 registrations, and Plaintiff's rights therein.

34.     As a direct and proximate result of Defendant's trademark infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial.

35.     Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

36.     Defendant's conduct as alleged herein constitutes an exceptional case under 15 U.S.C. § 1117, entitling Plaintiff to its attorneys' fees and costs incurred in this action.

### THIRD CLAIM FOR RELIEF
### Deceptive Trade Practices under Colo. Rev. Stat. § 6-1-101 *et seq.*

37.     Plaintiff Austin Air incorporates each of the preceding paragraphs as if fully set forth herein.

38.     Defendant has engaged in unfair and deceptive trade practices during the course of Defendant's business, in particular through the unauthorized use of Plaintiff's AUSTIN and AUSTIN AIR Marks.

39. Defendant's conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public, potential consumers, and actual consumers, whereby they would be led to mistakenly believe that Defendant and Defendant's goods are affiliated with, related to, sponsored by, or connected with Plaintiff Austin Air. Plaintiff Austin Air has suffered financial and reputational injury in the course of its business as a result of Defendant's unauthorized use of Plaintiff's AUSTIN and AUSTIN AIR Marks.

40. Defendant's conduct constitutes a deceptive trade practice, pursuant to Colo. Rev. Stat. § 6-1-105(b) and (c).

41. As a result of Defendant's conduct, Defendant has caused and will continue to cause irreparable harm, damage, and injury to Plaintiff unless enjoined by this Court.

42. Pursuant to Colo. Rev. Stat. § 6-1-113, Plaintiff is entitled to recover an amount equal to three times its actual damages, and reasonable attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

51. Plaintiff Austin Air incorporates each of the preceding paragraphs as if fully set forth herein.

52. Plaintiff was the first to use the AUSTIN and AUSTIN AIR Marks or any marks similar thereto in association with the manufacture and sale of air purifier products. As a result of the continued sale by Plaintiff of products under the AUSTIN and AUSTIN AIR Marks, the AUSTIN and AUSTIN AIR Marks have become widely known and Plaintiff has become identified in the public mind as the manufacturer and/or licensor of the products to which the AUSTIN and AUSTIN AIR Marks are applied.

53.     As a result of the experience, care, and service of Plaintiff in producing and providing Plaintiff's products, Plaintiff's products have become widely known to have acquired a reputation for excellence.  Moreover, the AUSTIN and AUSTIN AIR Marks have become associated with Plaintiff's products, and have come to symbolize the reputation for quality and excellence of Plaintiff's products.  As such, the AUSTIN and AUSTIN AIR Marks have become inherently distinctive.

54.     Defendant's use of the AUSTIN and AUSTIN AIR Marks in connection with air purification equipment is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of Defendant's services with Plaintiff.

55.     Defendant is not authorized to use the AUSTIN and AUSTIN AIR Marks or any mark confusingly similar or that in any way represents or implies that Defendant and/or Defendant's goods are in any way associated with Plaintiff.

56.     Therefore, Defendant's use of AUSTIN PUREAIR, AUSTIN PURE AIR, and  constitutes trademark infringement in violation of Colorado common law.

### FIFTH CLAIM FOR RELIEF
**Common Law Unfair Competition**

57.     Plaintiff Austin Air incorporates each of the preceding paragraphs as if fully set forth herein.

58.     Defendant's conduct as alleged herein constitutes misappropriation of valuable property rights of Plaintiff, and Defendant is trading on the goodwill symbolized by Plaintiff's

AUSTIN and AUSTIN AIR marks, and is thereby likely to confuse and deceive members of the purchasing public as to the source of Defendant's goods. These activities constitute unfair competition.

59. Defendant's conduct also constitutes intentional, willful, and reckless disregard of Plaintiff Austin Air's rights and an attempt to trade on the goodwill which Plaintiff has developed, all to the damage of Plaintiff.

60. As a direct and proximate result of Defendant's unfair competition, Plaintiff is entitled to recover actual damages in an amount to be proven at trial.

61. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Austin Air Systems, Limited respectfully prays for entry of judgment granting:

A. A permanent injunction restraining Defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation therewith, from infringing Plaintiff's Lanham Act and common law rights in the AUSTIN and AUSTIN AIR Marks, and from otherwise engaging in unfair competition;

B. A declaration that Defendant has infringed the AUSTIN and AUSTIN AIR Marks by the acts complained of herein in violation of 15 U.S.C. § 1114 and/or 15 USC § 1125(a);

C. A declaration that Defendant's infringement was deliberate, willful, and in conscious disregard of Plaintiff's rights pursuant to 15 U.S.C. § 1117 and 1125(a), and at common law;

D. A declaration that this case is exceptional, pursuant to 15 U.S.C. § 1117.

E. An award to Plaintiff of all damages attributable to Defendant's infringement and unfair competition in an amount according to proof at trial.

F. That Defendant be required to account for any and all gross and net sales, revenues, and profits received or derived by Defendant from the manufacture, marketing, sale, offering for sale, and/or distribution of products or services bearing or using any copy or colorable imitation of the AUSTIN and/or AUSTIN AIR Marks and an award to Plaintiff of Defendant's profits not taken into account in calculating actual damages.

G. An award to Plaintiff of its costs, including reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and/or Colo. Rev. Stat. § 6-1-101 *et seq*; and

H. Any such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff Austin Air Systems, Limited hereby demands a trial by jury on all issues so triable.

Dated:  July 31, 2020

                s/ *Jared B. Briant*
                Jared B. Briant
                Faegre Drinker Biddle & Reath LLP
                1144 15th Street, Suite 3400
                Denver, Colorado 80202
                Telephone:  (303) 607-3500
                Facsimile:  (303) 607-3600
                jared.briant@faegredrinker.com

                *Counsel for Plaintiff Austin Air Systems, Limited*

Plaintiff's address:

500 Elk Street
Buffalo, NY 14210