IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-2271-RBJ

AUSTIN AIR SYSTEMS, LIMITED,

    Plaintiff,

v.

GENESIS CAPITAL LLC,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ENTERING PERMANENT INJUNCTION

This matter is before the Court on the Motion for Default Judgment filed by Plaintiff Austin Air Systems, Limited ("Plaintiff" or "Austin Air") against Defendant Genesis Capital LLC ("Defendant" or "Genesis Capital"). The Court, having reviewed Plaintiff's motion and the file on this matter, hereby **FINDS AS FOLLOWS**:

    1)    Jurisdiction of the subject matter of this action is based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), as this case presents a well-pleaded question under the trademark laws of the United States.

    2)    Plaintiff Austin Air is entitled to Default Judgment in its favor and against Defendant Genesis Capital on Plaintiff's claims for relief for federal trademark infringement under 15 U.S.C. § 1114, federal unfair competition under 15 U.S.C. § 1125(a), deceptive trade practices under Colo. Rev. Stat. § 6-1-101 *et seq.*, common law trademark infringement, and common law unfair competition.

3) On July 31, 2020, Plaintiff Austin Air filed its Complaint in this action, in which Plaintiff alleged claims for federal trademark infringement under 15 U.S.C. § 1114, federal unfair competition under 15 U.S.C. § 1125(a), deceptive trade practices under Colo. Rev. Stat. § 6-1-101 *et seq.*, common law trademark infringement, and common law unfair competition. (Dkt. No. 1.)

4) Defendant was properly served with the Summons and Complaint.

5) Venue has been considered and is proper.

6) Defendant has filed no answer or otherwise defended in response to the Complaint within the time permitted under Rule 12 of the Federal Rules of Civil Procedure, nor has Defendant entered an appearance nor requested any extension of time within which to file an answer or other responsive pleading.  Defendant is in default.

7) On November 2, 2020, the Clerk of the Court entered default pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 11.)

8) By virtue of his decision not to defend and to default in this matter, Defendant has admitted liability on Plaintiff's claims.

10) The Court finds that the well-pleaded facts alleged in the Complaint support the claims alleged.

11) The Court also finds that each of the elements for injunctive relief are satisfied and that traditional equitable principles weigh in favor of an injunction in this case.  Based on the limited record before the Court, Plaintiff is likely to succeed on the merits of its claims:

> (a) under 15 U.S.C. § 1114 that Defendant's unauthorized use of AUSTIN PUREAIR and AUSTIN AIR on goods related to those provided by Plaintiff (including

air purifiers) is likely to cause confusion as to the source or sponsorship of Defendant's goods by creating a false impression that Plaintiff is the source of or somehow sponsors Defendant's goods, injuring Plaintiff;

(b) under 15 U.S.C. § 1125(a) that Defendant's unauthorized use of AUSTIN PUREAIR and AUSTIN PURE AIR on goods (including air purifiers) constitutes a false designation of origin and a false representation with respect to the origin of Defendant's goods, which is likely to cause confusion as to the source of Defendant's goods and create the false impression that Defendant is affiliated with Plaintiff, injuring Plaintiff;

(c) under Colo. Rev. Stat. § 6-1-101 *et seq.* that Defendant has engaged in unfair and deceptive trade practices during the course of Defendant's business, including through the unauthorized use of Plaintiff's AUSTIN and AUSTIN AIR common law and federally registered trademarks, causing Plaintiff financial and reputation injury;

(d) under Colorado common law that Defendant's use of Plaintiff's AUSTIN and AUSTIN AIR common law and federally registered trademarks in connection with air purification equipment is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of Defendant's services with Plaintiff, injuring Plaintiff; and

(e) under Colorado common law that Defendant has misappropriated Plaintiff's valuable property rights and is trading on the goodwill symbolized by Plaintiff's AUSTIN and AUSTIN AIR common law and federally registered trademarks and is thereby likely to confuse and deceive members of the purchasing public as to the source

of Defendant's goods, in an attempt to trade on the goodwill which Plaintiff has developed, injuring Plaintiff.

12)    Plaintiff has established a likelihood of irreparable harm if Defendant continues to use AUSTIN PUREAIR and AUSTIN PURE AIR on goods, including air purifiers, or in connection with the offer for sale or sale of such goods, including in the form of reputational harm.

13)    The balance of hardships favor entering this permanent injunction at least because Plaintiff has established that it will continue to experience serious reputational harm so long as Defendant uses AUSTIN PUREAIR and AUSTIN PURE AIR in commerce, while Defendant has conceded the factual allegations in this case and has failed to provide any evidence of hardship in the event an injunction is granted.

14)    To the extent it is implicated, the public interest favors entering this permanent injunction because the public has an interest in not being deceived and in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality.

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment and enters the following permanent injunction.

Defendant Genesis Capital LLC, together with its officers, agents, affiliates, parents, subsidiaries, successors, assigns, servants, employees, attorneys and all persons acting in concert with each of them, is permanently enjoined from:

(a)    using the marks AUSTIN or AUSTIN AIR ("Plaintiff's Marks"), or any confusing variations thereof, including without limitation AUSTIN PUREAIR and AUSTIN PURE AIR, in conjunction with any advertising, marketing, promotion, offering for sale, or

selling goods, whether such use is through its website, a third party website, social media, or otherwise, unless Defendant first obtains express written consent from Austin Air for the same;

   (b) representing to any member of the public that Defendant is in any way affiliated with, sponsored by, or endorsed by Austin Air, unless Defendant first obtains express written consent from Austin Air to do the same;

   (c) marking any good or service with any of Plaintiff's Marks or using a designation that identifies Austin Air as the origin or source of Defendant's good or service, unless Defendant first obtains express written authorization for the same from Austin Air;

   (d) using, registering, or applying to register any trademark, service mark, trade name, or domain name that includes or incorporates any portion of Plaintiff's Marks protected by Austin Air's federal registrations or any mark that Defendant should reasonably know is likely to be confused with any of Plaintiff's Marks (including without limitation AUSTIN PUREAIR and AUSTIN PURE AIR); and

   (e) assisting, aiding, or abetting any third party in engaging or performing any of the activities listed herein in paragraphs (a)-(d).

**THIS PERMANENT INJUNCTION IS EFFECTIVE IMMEDIATELY.**

    **IT IS SO ORDERED.**

DATED this 11th day of December, 2020.

                                               BY THE COURT:

                                               _____
                                               United States District Judge